## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENIS BYRNE, SR., as Administrator of the Estate of DENIS N. BYRNE, JR., <br><br>       Plaintiff, <br><br>  v. <br><br> JUUL LABS, INC., formerly d/b/a PAX LABS, INC. and PLOOM, INC.; ALTRIA GROUP, INC.; PHILIP MORRIS USA, INC.; ALTRIA CLIENT SERVICES LLC; ALTRIA GROUP DISTRIBUTION COMPANY; ALTRIA ENTERPRISES LLC; MOTHER MURPHY'S LABORATORIES, INC.; ALTERNATIVE INGREDIENTS, INC.; TOBACCO TECHNOLOGY, INC.; ELIQUITECH, INC.; MCLANE COMPANY, INC.; EBY-BROWN COMPANY, LLC; CORE-MARK HOLDING COMPANY, INC.; BELLA DELI MARKET CORP., d/b/a BELLA DELI MARKET, and TAG DELI GROCERY STORE CORP d/b/a TAG SMOKE SHOP, <br><br>       Defendants. | Civil Action No. 1:21-cv-9110 |

## <u>DEFENDANT JUUL LABS, INC.'S NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Juul Labs, Inc. ("JLI") hereby gives notice of removal of this action, captioned *Byrne v. Juul Labs, Inc., et al.*, Index No. 813126/2021E, from the Supreme Court of the State of New York, County of Bronx, to the United States District Court for the Southern District of New York. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the plaintiff and all properly joined defendants and the amount in controversy exceeds $75,000,

exclusive of interest and costs. The citizenship of the remaining defendants—Bella Deli Market Corp., d/b/a Bella Deli Market ("Bella Deli") and Tag Deli Grocery Store Corp., d/b/a Tag Smoke Shop ("Tag Smoke Shop")—should be disregarded because they were fraudulently joined for the sole purpose of destroying diversity. Alternatively, the plaintiff's claims against Bella Deli and Tag Smoke Shop are severable from this action under Rule 21 of the Federal Rules of Civil Procedure, which provides an independent basis for disregarding Bella Deli's and Tag Smoke Shop's citizenship for diversity purposes.

By filing this Notice of Removal, JLI does not waive, and hereby expressly reserves, any and all objections to venue, personal jurisdiction, the sufficiency of service of process, the legal sufficiency of the claims alleged in the plaintiff's complaint, and all other objections and defenses. JLI reserves the right to supplement and amend this Notice.

Pursuant to 28 U.S.C. § 1446, JLI provides the following statement of the grounds for removal:

## BACKGROUND

### I. THIS ACTION

1. Plaintiff Denis Byrne, Sr. ("Plaintiff"), as administrator of the estate of Denis N. Byrne, Jr. ("Decedent"), commenced this products liability action on September 28, 2021, in the Supreme Court of New York, County of Bronx, which is within the district to which this case is removed. *See* 28 U.S.C. § 112(b). Copies of all process, pleadings, and orders purported to have been served upon JLI are attached as **Exhibit A**. *See* 28 U.S.C. § 1446(a).

2. Plaintiff alleges that Decedent "purchased JUUL products and other vaping products on numerous occasions," developed pneumonia and "Electronic Cigarette (Vaping) Product Use-Associated Lung Injury (EVALI)," and died. Compl. ¶¶ 27, 29, 30.

3.      Plaintiff asserts claims against Defendants based on the design, promotion, marketing, and sale of JUUL products.  Specifically, Plaintiff alleges, among other things, that JLI "set out to develop and market a highly addictive product that could be packaged and sold to young people" and designed its product "to addict young people to vaping," "to have maximum inhalability, without any 'throat hit' or irritation that would serve as a natural deterrent to new users," and "to deliver substantially higher concentrations of nicotine per puff than traditional cigarettes and most other e-cigarettes."  Compl. ¶¶ 5, 7.  Plaintiff further alleges, among other things, that "Defendants hid that (a) a JUULpod effectively delivers more nicotine than a packet of cigarettes; (b) JUULpods contain a special formulation of nicotine salts and benzoic acid specifically designed to deliver an otherwise intolerable level of nicotine while still maintaining a smooth smoking experience; (c) the amount and manner of nicotine provided in JUULpods was highly addictive; and (d) the numerous additional deleterious health consequences associated with vaping."  *Id.* ¶ 8.

4.      Plaintiff asserts causes of action for strict liability (design defect), strict liability (failure to warn), strict liability (manufacturing defect), negligent design, negligent failure to warn, negligent manufacturing, negligence and/or gross negligence, negligent misrepresentation, fraud, fraudulent concealment, unjust enrichment, violation of the Unfair Trade Practices/Consumer Protection Law, breach of express warranty, breach of implied warranty of merchantability, and wrongful death.

5.      To evade this Court's jurisdiction, Plaintiff purports to assert each of his claims against every Defendant—including Bella Deli and Tag Smoke Shop—even though each claim rests on the alleged conduct of JLI and other out-of-state Defendants.

6.     The claims against Bella Deli and Tag Smoke Shop, which allegedly sold JUUL and other vaping products at retail to Decedent and the public, fail both as a matter of settled New York law and undisputed fact.  Bella Deli and Tag Smoke Shop are therefore fraudulently joined, and this Court should disregard their citizenship in assessing subject matter jurisdiction in this case.

7.     Alternatively, Plaintiff's claims against Bella Deli and Tag Smoke Shop are severable from this action under Federal Rule of Civil Procedure 21, which presents an independent basis for disregarding the citizenship of Bella Deli and Tag Smoke Shop for diversity purposes.

8.     Plaintiff purports to have served JLI with a summons and complaint on October 4, 2021, but Plaintiff did not deliver process to any JLI officer, director, managing or general agent, cashier or assistant cashier, or any other agent authorized by appointment or by law to receive service on JLI's behalf.  Plaintiff therefore has not served JLI with process under New York Law. *See* N.Y. C.P.L.R. §§ 311(a)(1), 313.  In all events, this notice is timely filed under 28 U.S.C. § 1446(b).  *See, e.g.*, *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 65 (2d Cir. 2012) ("[E]ach defendant has thirty days from when [it] received service to file a notice of removal.").

9.     Plaintiff purports to have served each of Altria Group, Inc., Philip Morris USA, Inc., Altria Client Services LLC, Altria Group Distribution Company, Altria Enterprises LLC, Mother Murphy's Laboratories, Inc., Alternative Ingredients, Inc., Tobacco Technology, Inc., eLiquiTech, Inc., McLane Company, Inc., Eby-Brown Company, LLC, and Core-Mark Holding Company, Inc. (collectively, "Consenting Defendants") between October 1–7, 2021.  Without conceding the validity of service upon them, and to the extent their consent is required, the Consenting Defendants consent to removal of this action pursuant to 28 U.S.C. § 1332.

10.     Because they are fraudulently joined, Bella Deli and Tag Smoke Shop need not consent to removal pursuant to 28 U.S.C. § 1332.  *See* 28 U.S.C. § 1446(b)(2)(A). ("[A]ll defendants who have been *properly joined* and served must join in or consent to the removal of the action.") (emphasis added); *see also Sherman v. A.J. Pegno Constr. Corp.,* 528 F Supp. 2d 320, 330 (S.D.N.Y. 2007) ("There are exceptions to [the unanimous-consent-to-removal] rule for defendants who have not been served, unknown defendants, and fraudulently joined defendants."); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 295 (S.D.N.Y. 2001) (same); *Jernigan v. Ashland Oil Co.*, 989 F.2d 812, 815 (5th Cir. 1993), *cert. denied*, 510 U.S. 868, 870 (1993) (same); *Balazik v. Cty. of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995) ("The unanimity rule [for removal] may be disregarded where . . . a defendant has been fraudulently joined.").

11.     Pursuant to 28 U.S.C. § 1446(d), JLI will give written notice of the filing of this notice of removal to all parties of record in this matter and will file a copy of this notice with the clerk of the state court in which this action was filed.

## II.     ONGOING MULTIDISTRICT PROCEEDINGS

12.     On October 2, 2019, the Judicial Panel on Multidistrict Litigation ("JPML") issued a Transfer Order, which transferred lawsuits concerning the development, manufacture, labeling, and marketing of JUUL products, and the alleged risks posed by those products, to the Northern District of California for assignment to the Honorable William H. Orrick, III, for coordinated and consolidated pretrial proceedings.  Transfer Order, *In re: JUUL Labs, Inc., Mktg., Sales Practices, and Products Liab. Litig.*, MDL No. 2913 (J.P.M.L. Oct. 2, 2019), ECF No. 144.

13.     More than 270 actions raising factual issues similar to those raised in this case have already been transferred by the JPML to MDL No. 2913 from courts around the country, including other cases removed to federal district courts—such as *Browne v. Juul Labs, Inc.*, Case No. 3:21-cv-468-MAD-ML (N.D.N.Y.); *Hodgens v. Juul Labs, Inc.*, Case No. 1:20-cv-6133 (E.D.N.Y.);

*L.D. v. Juul Labs, Inc.*, Case 7:20-cv-03415 (S.D.N.Y.); *Fay v. Juul Labs, Inc.*, Case 1:19-cv-10098-LLS (S.D.N.Y.); and *Bronstein v. Juul Labs, Inc.*, Case 1:19-cv-10095-AJN (S.D.N.Y.)—in which the plaintiff named a resident retailer as a defendant, as Plaintiff has named Bella Deli and Tag Smoke Shop here. Thousands of additional cases have been filed directly in the MDL. In total, more than 2,800 substantially similar cases against JLI and other Consenting Defendants are currently pending in MDL No. 2913.

14.    In view of the substantial factual overlap between this action and the thousands of actions that have already been transferred and consolidated, JLI intends to notify the JPML that this is another "tag-along" action that should be transferred to the Northern District of California for inclusion and coordination with MDL No. 2913.

## VENUE AND JURISDICTION

15.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 112(b), 1391, 1441(a), and 1446(a) because the Supreme Court of the State of New York, County of Bronx, where the complaint was filed, is a state court within the Southern District of New York.

## I.    THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332.

16.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because (1) there is complete diversity of citizenship between Plaintiff and the properly joined Defendants (JLI and the Consenting Defendants); (2) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (3) all other requirements for removal have been satisfied.

### A.    There Is Complete Diversity Between Plaintiff And The Properly Joined Defendants.

17.    Plaintiff is a citizen of New York. Compl. ¶¶ 21–22; 28 U.S.C. § 1332(c)(2).

18.    Defendant JLI is a Delaware corporation, Compl. ¶ 36, with its principal place of business in Washington, D.C.

19.     Defendant Altria Group, Inc., is a Virginia corporation with its principal place of business in Virginia.  *Id.* ¶ 39.

20.     Defendant Philip Morris USA, Inc., is a Virginia corporation with its principal place of business in Virginia.  *Id.* ¶ 40.

21.     Defendant Altria Client Services LLC is a Virginia limited liability company with its principal place of business in Virginia.  *Id.* ¶ 41.  Through its sole member, Altria Group, Inc., Altria Client Services LLC is a citizen of Virginia.

22.     Defendant Altria Group Distribution Company is a Virginia corporation with its principal place of business in Virginia.  *Id.* ¶ 42.

23.     Defendant Altria Enterprises LLC is a Virginia limited liability company with its principal place of business in Virginia.  *Id.* ¶ 43.  Through its sole member, Altria Group, Inc., Altria Enterprises LLC is a citizen of Virginia.

24.     Defendant Mother Murphy's Laboratories, Inc., is a North Carolina corporation with its principal place of business in North Carolina.  *Id.* ¶ 46.

25.     Defendant Alternative Ingredients, Inc., is a North Carolina corporation with its principal place of business in North Carolina.  *Id.* ¶ 47.

26.     Defendant Tobacco Technology, Inc., is a Maryland corporation with its principal place of business in Maryland.  *Id.* ¶ 48.

27.     Defendant eLiquiTech, Inc., is a Maryland corporation with its principal place of business in Maryland.  *Id.* ¶ 49.

28.     Defendant McLane Company, Inc., is a Texas corporation with its principal place of business in Texas.  *Id.* ¶ 51.

29.     Defendant Eby-Brown Company, LLC, is a Delaware limited liability company with its principal place of business in Illinois.  *Id.* ¶ 52.  Through its sole member, Performance Food Group, Inc., Eby-Brown Company, LLC, is a citizen of Colorado and Virginia.

30.     Defendant Core-Mark Holding Company, Inc., is a Delaware corporation with its principal place of business in Texas.  *Id.* ¶ 53.

31.     Plaintiff's complaint also names Bella Deli and Tag Smoke Shop as defendants.  *Id.* ¶¶ 55, 57.  As discussed below, Bella Deli and Tag Smoke Shop are fraudulently joined.  *See infra* Section II.  Accordingly, although they are alleged to be citizens of New York, Bella Deli and Tag Smoke Shop should be disregarded for purposes of determining diversity of citizenship.  Alternatively, Plaintiff's claims against Bella Deli and Tag Smoke Shop are severable under Federal Rule of Civil Procedure 21, such that their citizenship is irrelevant for diversity purposes.

32.     Accordingly, for purposes of diversity jurisdiction, Plaintiff is a citizen of New York and the properly joined Defendants—JLI and the Consenting Defendants—are citizens of Delaware, Washington, D.C., Colorado, Virginia, North Carolina, Maryland, and Texas.

33.     Thus, there is complete diversity between Plaintiff and the properly joined Defendants.

**B.     The Amount In Controversy Exceeds $75,000.**

34.     Under 28 U.S.C. § 1332, diversity jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs."  This requirement is met.

35.     A notice of removal requires only that the removing defendant provide "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens,* 135 S. Ct. 547, 554 (2014).

36.     The complaint does not include a specific demand for damages.  However, a full and fair reading of it confirms the amount in controversy exceeds $75,000, exclusive of interest and costs.

37.     The complaint alleges that JUUL products are defective and that Defendants failed to warn Decedent of the risks of JUUL products, on which basis Plaintiff asserts causes of action for strict liability (design defect, failure to warn, and manufacturing defect); negligent design, failure to warn, and manufacturing; negligence and/or gross negligence; negligent misrepresentation; fraud; fraudulent concealment; unjust enrichment; violation of the Unfair Trade Practices/Consumer Protection Law; breach of warranty (express and implied warranty of merchantability); and wrongful death.  Compl. ¶¶ 144–50, 299–509.  The complaint alleges Decedent "developed a severe nicotine addiction and suffered from the symptoms of addiction, including anxiety and panic attacks if he was without a Juul device," headaches, severe shortness of breath, pneumonia, severe lung injury, "Electronic Cigarette (Vaping) Product Use-Associated Lung Injury (EVALI)," and hypoxia before dying.  *Id.* ¶¶ 23–35.  Plaintiff demands compensatory, treble, and punitive damages for these injuries and Decedent's death.  *See, e.g.*, *id.* ¶ 318 & *id.* at 114.  Plaintiff's allegations and prayer for relief compel the conclusion that the amount in controversy exceeds the jurisdictional minimum.

38.     Although JLI does not concede that Plaintiff is entitled to damages or fees of any amount, a fair reading of the complaint describes an amount in controversy exceeding $75,000.

## II.    BELLA DELI AND TAG SMOKE SHOP ARE FRAUDULENTLY JOINED.

39.     Even where the face of a complaint shows a lack of complete diversity, removal based on diversity jurisdiction is proper where the doctrine of fraudulent joinder applies to the non-diverse defendants.  Plaintiff's complaint names two New York defendants, Bella Deli and Tag Smoke Shop, in addition to the 13 out-of-state defendants.  Bella Deli and Tag Smoke Shop,

however, are fraudulently joined and their citizenship should be disregarded for the purposes of determining diversity jurisdiction. *See, e.g.*, *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460–61 (2d Cir. 1998) ("[A] plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy."). "The removal process was created by Congress to protect defendants. Congress 'did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it.'" *Legg v. Wyeth*, 428 F.3d 1317, 1325 (11th Cir. 2005) (citation omitted); *see also Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907) (noting that "the Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court").

40.    "Joinder will be considered fraudulent when it is established that there can be no recovery against the defendant under the law of the state on the cause alleged." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001) (internal quotations and brackets omitted). When determining whether a plaintiff has fraudulently joined a non-diverse defendant, a court must evaluate whether the plaintiff's pleadings can state both "a legally sufficient and factually arguable claim for relief against it." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d at 279. A claim is legally deficient "[i]f state case law or legislation removes all reasonable possibility that the plaintiff would be permitted to litigate the claim." *Harris v. Zimmer Holdings, Inc.*, No. 18 Civ. 11271 (PAC), 2019 WL 1873178, at *3 (S.D.N.Y. Apr. 26, 2019) (slip copy). In addition, factual allegations against the non-diverse defendant cannot be "so clearly false and fictitious that no factual basis exists for an honest belief on the part of plaintiff that there is liability—in short

that the joinder is without any reasonable basis in fact and is made without any purpose to prosecute the cause in good faith." *Rezulin*, 133 F. Supp. 2d at 281.

41.     The determination of whether a non-diverse defendant has been fraudulently joined is based upon the plaintiff's pleadings at the time of removal. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 538 (1939) (whether removal was proper is "to be determined according to the plaintiffs' pleading at the time of the petition for removal"); *see also Deming v. Nationwide Mut. Ins. Co.,* No. 03 Civ. 1225(CF), 2004 WL 332741, at *4 (D. Conn. Feb. 14, 2004) ("[I]t is well-settled that the court should analyze the pleadings in effect at the time of removal when undertaking a fraudulent joinder analysis."); *Furchtgott-Roth v. Wilson*, No. 09 Civ. 9877(PKC), 2010 WL 3466770, at *4 (S.D.N.Y. Aug. 31, 2010) (same).

42.     Bella Deli and Tag Smoke Shop have been fraudulently joined because there is no possibility Plaintiff can establish a claim against either of them. Plaintiff's "Factual Allegations" contain only conclusory allegations concerning Bella Deli and Tag Smoke Shop, focusing instead on allegations concerning JLI's design of its vapor products, the effects of nicotine, JLI's purported concealment of the addictive nature of its products, JLI's marketing materials, and the relationships between JLI and the Consenting Defendants. *See* Compl. ¶¶ 60–298. Despite Bella Deli and Tag Smoke Shop's clear lack of connection to these issues, Plaintiff seeks to circumvent this Court's diversity jurisdiction by asserting claims against all Defendants—including Bella Deli and Tag Smoke Shop—for strict liability (design defect), strict liability (failure to warn), strict liability (manufacturing defect), negligent design, negligent failure to warn, negligent manufacturing, negligence and/or gross negligence, negligent misrepresentation, fraud, fraudulent concealment, unjust enrichment, violation of the Unfair Trade Practices/Consumer Protection Law, breach of express warranty, breach of implied warranty of merchantability, and wrongful death. *Id.* ¶¶ 299–

509. For the reasons explained below, the few conclusory references to Bella Deli and Tag Smoke Shop in the complaint do not establish any possibility of recovery from either of them.

> **A.  Plaintiff Cannot State A Claim Against Bella Deli Or Tag Smoke Shop In Strict Products Liability.**

43.     In his First, Second, and Third Causes of Action, Plaintiff purports to assert strict products liability claims against Bella Deli and Tag Smoke Shop based on their alleged sales of "defective JUUL products and related vaping products." *See* Compl. ¶¶ 316, 328, 345. To state a claim for strict products liability under New York law, a plaintiff must allege that (1) a product "is defective because of a mistake in the manufacturing process or because of an improper design or because the manufacturer failed to provide adequate warnings regarding the use of the product" and (2) "the defect was a substantial factor in bringing about his injury or damages." *Voss v. Black & Decker Mfg. Co.*, 59 N.Y.2d 102, 106–07 (1983) (citations omitted). In addition to imposing strict liability on manufacturers, New York law also extends strict liability to "certain sellers, such as retailers and distributors of allegedly defective products." *Sukljian v. Charles Ross & Son Co.*, 69 N.Y.2d 89, 95 (1986).

44.     Plaintiff claims JUUL products were defective because they allegedly contained design defects, lacked adequate warnings, and contained manufacturing defects. *Id.* ¶¶ 299–348.

45.     Plaintiff has no possibility of recovering against Bella Deli or Tag Smoke Shop in strict products liability for three principal reasons: (1) Plaintiff does not and cannot allege that Decedent's alleged injuries were proximately caused by JUUL products obtained specifically from Bella Deli or Tag Smoke Shop; (2) Plaintiff does not and cannot plead any facts establishing that Bella Deli or Tag Smoke Shop failed to provide an adequate warning to Decedent; and (3) Plaintiff does not and cannot allege the defective manufacture of any product consumed by Decedent.

### 1. Plaintiff Cannot Show Bella Deli Or Tag Smoke Shop Proximately Caused Decedent's Alleged Injuries.

46.     Under New York law, when a plaintiff asserts a strict products liability claim against a retailer, the plaintiff must establish "that it is reasonably probable, not merely possible or evenly balanced," that the retailer "was the source of the offending product." *Escarria v. Am. Gage & Mfg. Co.*, 261 A.D.2d 434, 434 (N.Y. App. Div. 2d Dep't 1999); *Tyminskyy v. Sand Man Bldg. Materials, Inc.*, 168 A.D.3d 1118, 1119 (N.Y. App. Div. 2d Dep't 2019) (granting summary judgment for distributor where plaintiff failed to establish a reasonable probability that the distributor "was the source of the offending product").  Courts consistently find retailers and distributors fraudulently joined where a plaintiff fails to sufficiently allege that the retailer or distributor provided the actual offending product that was the source of the plaintiff's alleged injury. *See, e.g.*, *Pelman v. McDonald's Corp.*, 237 F. Supp. 2d 512, 522 (S.D.N.Y. 2003) (finding fraudulent joinder of local retailer where plaintiff's products liability claim failed to "establish proximate cause" between the alleged injury and the products plaintiff purchased from retailer); *Mills v. Allegiance Healthcare Corp.*, 178 F. Supp. 2d 1, 8 (D. Mass. 2001) (finding fraudulent joinder of a regional latex glove distributor where plaintiff "failed to allege or provide evidence" that he was ever exposed to latex gloves distributed by the defendant); *Carter v. Hitachi Koki U.S.A., Ltd.*, 445 F. Supp. 2d 597, 601 (E.D. Va. 2006) (finding fraudulent joinder of retailer where affidavit established that retailer "did not sell the allegedly defective product" that caused the plaintiff's injury).

47.     Here, the complaint alleges Decedent "purchased JUUL products and other vaping products," Compl. ¶¶ 27, 28, and suggests those "other vaping products" included products containing THC, the principal psychoactive compound in cannabis.  *See id.* ¶¶ 15, 403(x).  Even if the complaint alleges harm from Decedent's use of JUUL products, rather than those "other

vaping products," it does not allege Decedent was injured specifically as a result of using allegedly defective JUUL products acquired specifically from Bella Deli or allegedly defective JUUL products acquired specifically from Tag Smoke Shop. Nor does the complaint allege that Decedent only obtained JUUL products from a single retailer. To the contrary, it alleges that he obtained JUUL products from both Bella Deli and Tag Smoke Shop (without denying purchases from other retailers). *Id*. ¶¶ 27, 28.

48.     What little Plaintiff does allege about Bella Deli and Tag Smoke Shop—combined with the fact that Decedent's alleged injuries are claimed to be the result of repeated and continuous use of JUUL products and other vapor products, not the consequence of a single, allegedly defective JUUL product purchased from Bella Deli or Tag Smoke Shop—confirms Plaintiff cannot recover from Bella Deli or Tag Smoke Shop. *See, e.g.*, *id*. ¶ 24 (alleging Decedent "vaped on a daily basis, multiple times per day").

49.     Normally, "a products liability action that is brought against retailers, distributors and manufacturers is premised on an injury that results from the use of a *single* item that was purchased from a particular retailer and distributor." *Pelman*, 237 F. Supp. 2d at 522 (emphasis added). In such cases, a plaintiff might be able to allege proximate cause and state a claim in strict products liability against a retailer by alleging that he purchased or procured the product at issue from that retailer. *See, e.g.*, *id.* at 522 n.7 (describing a "typical products liability case" as implicating a retailer for the sale of a particular defective product). Where products liability actions are instead based on harms that accumulate or emerge through repeated use of allegedly defective disposable or consumable products, courts insist that the plaintiff establish the defendant-retailer's sales of the product proximately caused the plaintiff's alleged injuries. *See, e.g.*, *id.* at 522 ("In order to establish proximate cause, the injury of over-consumption must somehow be tied

to the [retailers].").  Where a plaintiff fails to allege the defendant-retailer's sales of the relevant product proximately caused the plaintiff's alleged injuries, the resident defendant-retailer is fraudulently joined.  *See id.*  This result makes sense.  Otherwise, a plaintiff could circumvent a federal court's diversity jurisdiction by speculatively suing a local retailer that made even a single sale of the product at issue, regardless of the retailer's lack of any real connection to the case.

50.     Plaintiff does not and cannot allege either Bella Deli or Tag Smoke Shop's purported sales of JUUL products were the proximate cause of Decedent's alleged injuries. Beyond bald allegations that Decedent purchased JUUL products from Bella Deli and Tag Smoke Shop, Compl. ¶¶ 27, 28, Plaintiff does not provide any information about, among other things, which JUUL or other vapor products Decedent allegedly consumed, how often and on what dates Decedent allegedly purchased JUUL or other vapor products from Bella Deli, how often and on what dates Decedent allegedly purchased JUUL or other vapor products from Tag Smoke Shop, the basis for Plaintiff's belief that Bella Deli sold the JUUL and other vapor products Decedent supposedly consumed, the basis for Plaintiff's belief that Tag Smoke Shop sold the JUUL and other vapor products Decedent supposedly consumed, and whether Bella Deli or Tag Smoke Shop—rather than some other source—was Decedent's primary source for JUUL and other vapor products.  *See, e.g.*, *Pelman*, 237 F. Supp. 2d at 522 (holding that establishing proximate cause against a McDonald's outlet would require "some allegation that plaintiffs ate primarily at the particular outlet").

## 2.     Plaintiff Cannot State A Products Liability Claim For Inadequate Warning Against Bella Deli Or Tag Smoke Shop.

51.     There can be no recovery by Plaintiff on a products liability claim for inadequate warning against Bella Deli or Tag Smoke Shop because Plaintiff does not and cannot plead any facts establishing how or why any warning Bella Deli or Tag Smoke Shop provided was

inadequate.  *Oden v. Bos. Sci. Cop.*, 330 F. Supp. 3d 877, 891 (E.D.N.Y. 2018).  Indeed, Plaintiff does not identify any warning given by Bella Deli or Tag Smoke Shop, nor does he allege how Bella Deli or Tag Smoke Shop's warnings were inadequate.  "Mere conclusory statements of law, which are unsupported by allegations of fact, may not be utilized to supply material facts by inference."  *DeMarco v. Cty. of Nassau*, 18 A.D.2d 999, 999 (N.Y. App. Div. 2d Dep't 1963). Plaintiff's failure to warn claim against Bella Deli and Tag Smoke Shop fails accordingly.

### 3. Plaintiff Cannot State A Products Liability Claim For Manufacturing Defect Against Bella Deli Or Tag Smoke Shop.

52.     There can be no recovery by Plaintiff on a products liability claim for manufacturing defect against Bella Deli or Tag Smoke Shop because Plaintiff does not and cannot plead any manufacturing defect.  "To state a claim for strict products liability under a manufacturing defect theory, a plaintiff must plead 'that a specific product unit was defective as a result of some mishap in the manufacturing process itself, improper workmanship, or because defective materials were used in construction, and that the defect was the cause of plaintiff's injury.'"  *Krulewich v. Covidien, LP*, 498 F. Supp. 3d 566, 574 (S.D.N.Y. 2020) (citation omitted); *see also* Oden, 330 F. Supp. 3d at 890 (citation omitted) ("'[A] manufacturing flaw exists when the unit in question deviates in quality and other performance standards from all of the other identical units.'").  Therefore, a manufacturing defect fails unless "the specific product that allegedly caused the plaintiff's injuries was defective as compared to other products manufactured by the defendant."  *Krulewich*, 498 F. Supp. 3d at 574 (citation omitted).

53.     Plaintiff alleges Decedent used JUUL products and that certain JUUL products were defectively manufactured—but not that any JUUL product that allegedly caused Decedent's injuries was defective as compared to other JUUL products.  *See* Compl. ¶¶ 335–48.  Plaintiff's manufacturing defect claim against Bella Deli and Tag Smoke Shop fails accordingly.

**B.    Plaintiff Cannot State A Claim Against Bella Deli Or Tag Smoke Shop Based On Negligence.**

54.    In his Fourth, Fifth, Sixth, and Seventh Causes of Action, Plaintiff purports to assert claims sounding in negligence under New York law.  Compl. ¶¶ 349–409.  Plaintiff has no possibility of recovering from Bella Deli or Tag Smoke Shop based on negligence or gross negligence.

55.    *First*, despite purporting to assert claims for negligent design, negligent failure to warn, and negligent manufacturing against Bella Deli and Tag Smoke Shop, *id.* ¶¶ 349–90, Plaintiff actually alleges Bella Deli and Tag Smoke Shop "are strictly liable," not that they were negligent.  *Id.* ¶¶ 358, 373, 387.  Plaintiff's negligence claims fail accordingly (and Plaintiff's redundant assertions of strict liability fail for the reasons identified in paragraphs 43–53, *supra*).

56.    *Second*, Plaintiff has not alleged and cannot establish that either Bella Deli's or Tag Smoke Shop's alleged sales of JUUL or other vapor products were the proximate cause of Decedent's alleged injuries. *See supra* ¶¶ 46–50; *see, e.g.*, *Pelman*, 237 F. Supp. 2d at 522 (dismissing negligence products liability claim for failure to establish retailer's sale of allegedly defective product was proximate cause of plaintiff's injury).  Again, Plaintiff has failed to provide any information about, among other things, which JUUL or other vapor products Decedent allegedly consumed, how often and on what dates Decedent allegedly purchased JUUL or other vapor products from Bella Deli, how often and on what dates Decedent allegedly purchased JUUL or other vapor products from Tag Smoke Shop, the basis for Plaintiff's belief that Bella Deli sold the JUUL and other vapor products Decedent supposedly consumed, the basis for Plaintiff's belief that Tag Smoke Shop sold the JUUL and other vapor products Decedent supposedly consumed, and whether Bella Deli or Tag Smoke Shop—rather than some other source—was Decedent's primary source for JUUL and other vapor products.  *See supra* at ¶¶ 46–50.  Plaintiff has not

pleaded any facts that would establish how or why the warnings that Bella Deli and Tag Smoke Shop provided were inadequate. *See supra* at ¶ 51. Nor has Plaintiff alleged any manufacturing defect. *See supra* at ¶¶ 52–53.

57. *Third*, Bella Deli and Tag Smoke Shop would only have had, at most, a duty to warn of dangers of which they had special knowledge or that they could have discovered upon reasonable inspection. "[A] retailer can be held liable for the sale of a defective product or for failure to warn only if it fails to detect a dangerous condition that it could have discovered during the course of a normal inspection while the product was in its possession." *Porrazzo v. Bumble Bee Foods, LLC*, 822 F. Supp. 2d 406, 420 (S.D.N.Y. 2011) (internal quotation marks and ellipses omitted). Plaintiff alleges that JLI represented that the nicotine content of each of its pods was approximately equivalent to that of a pack of cigarettes when, in fact, the pods delivered more nicotine to consumers. Compl. ¶¶ 133–39. There is no allegation, however, that Bella Deli or Tag Smoke Shop knew of any information that JLI had allegedly concealed, had reason to believe that JUUL products delivered more nicotine and were more addictive than cigarettes, or could have detected any dangerous condition during the course of a normal inspection while JUUL products were in their possession. As a result, Bella Deli and Tag Smoke Shop had no duty to warn and cannot be liable in negligence for failing to do so. *See*, *e.g.*, *Porrazzo*, 822 F. Supp. 2d at 420; *Pelman*, 237 F. Supp. 2d at 523.

58. *Fourth*, Plaintiff has not alleged any other factual basis supporting a claim for negligence against Bella Deli or Tag Smoke Shop. The complaint makes only general allegations against all Defendants and does not allege any specific duties owed by, or negligent conduct specifically attributable to, Bella Deli or Tag Smoke Shop. "Lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct" fails to give "each

defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (internal quotation marks omitted). Likewise, Plaintiff's complaint does not make a single factual allegation about Bella Deli and Tag Smoke Shop's supposed failure to use reasonable care in the sale and promotion of JUUL products. Compl. ¶ 403(h). Plaintiff merely asserts, in a conclusory manner, that Bella Deli and Tag Smoke Shop failed to use reasonable care, which is insufficient as a matter of law. *See, e.g.*, *In re Nassau Cty. Consol. MTBE Prods. Liab. Litig.*, No. 601516/2009, 2010 WL 4400075, at \*16 (N.Y. Sup. Ct. Nassau Cty. Nov. 4, 2010) (dismissing negligent marketing claims because "the complaints do not allege that these defendants conducted any marketing and do not offer any specific marketing statements"). Indeed, Plaintiff has not made a single factual allegation that would establish Bella Deli or Tag Smoke Shop was involved in any capacity with the design or marketing of JUUL products. Therefore, to the extent that Plaintiff's negligence claims against Bella Deli and Tag Smoke Shop overlap with his products liability claims, the negligence claims fail for the same reasons identified above.

59. *Finally*, Plaintiff has no possibility of recovering from Bella Deli or Tag Smoke Shop based on either's supposed gross negligence because gross negligence requires negligence, and Plaintiff has no possibility of recovering from Bella Deli or Tag Smoke Shop based on its supposed negligence or establishing that Bella Deli or Tag Smoke Shop acted recklessly or intentionally. "To prevail on a claim for gross negligence, a plaintiff must establish the three elements required of ordinary negligence and further demonstrate that the defendant engaged in conduct that evinces a reckless disregard for the rights of others or 'smacks' of intentional wrongdoing." *D'Amico v. Waste Mgmt. of N.Y., LLC*, No. 6:18-CV-06080 EAW, 2019 WL 1332575, at \*4 (W.D.N.Y. Mar. 25, 2019). As discussed above, *supra* ¶¶ 54–58, Plaintiff has no

claim against Bella Deli or Tag Smoke Shop for negligence; therefore, he cannot have a claim against Bella Deli or Tag Smoke Shop for gross negligence.  Nor has Plaintiff offered any factual allegation that would establish Bella Deli or Tag Smoke Shop "engaged in conduct that evinces a reckless disregard for the rights of others."  *D'Amico*, 2019 WL 1332575, at *4; *see also Condoleo v. Guangzhou Jindo Container Co.*, 427 F. Supp. 3d 316, 335 (E.D.N.Y. 2019) ("[T]o prevail on a claim for gross negligence under New York law, 'a plaintiff must demonstrate that the defendant owed the plaintiff a duty and the defendant failed to exercise 'even slight care' in the discharge of that duty.'").

C.    **Plaintiff Cannot State A Claim Against Bella Deli Or Tag Smoke Shop For Negligent Misrepresentation Or Fraud.**

60.    In his Eighth and Ninth Causes of Action, Plaintiff purports to assert claims for negligent misrepresentation and fraud against Bella Deli and Tag Smoke Shop.  Compl. ¶¶ 410–37.  To state a claim for negligent misrepresentation under New York law, a plaintiff must allege, among other things, that "'the defendant made a false representation that [it] should have known was incorrect'" and that "'the plaintiff reasonably relied on it to his or her detriment.'"  *Anschutz Corp. v. Merrill Lynch & Co., Inc.*, 690 F.3d 98, 114 (2d Cir. 2012) (citations omitted).  To state a claim for fraud under New York law, "a plaintiff must allege (1) a material misrepresentation or omission of fact; (2) which the defendant knew to be false; (3) which the defendant made with the intent to defraud; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff."  *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 402 (2d Cir. 2015).  Plaintiffs cannot establish either claim against Bella Deli or Tag Smoke Shop.

61.    Once again, the complaint makes only improper, general allegations against all Defendants.  *See Atuahene*, 10 F. App'x at 34.  The complaint does not assert *Bella Deli or Tag Smoke Shop* made a false representation, does not identify any such false representation, and does

not allege any basis upon which to conclude Bella Deli or Tag Smoke Shop made a representation it knew or should have known was false or incorrect.[1]  Thus, the complaint also cannot allege Decedent relied on any (non-existent) representation made by Bella Deli or Tag Smoke Shop. Plaintiff's negligent misrepresentation and fraud claims against Bella Deli and Tag Smoke Shop fail accordingly.

**D.    Plaintiff Cannot State A Claim Against Bella Deli Or Tag Smoke Shop For Fraudulent Concealment.**

62.    In his Tenth Cause of Action, Plaintiff purports to assert a claim for fraudulent concealment against Bella Deli and Tag Smoke Shop.  Compl. ¶¶ 438–55.  Plaintiff's claim is no basis for recovery from Bella Deli or Tag Smoke Shop.

63.    "The elements of a fraudulent concealment claim under New York law are: (1) a duty to disclose material facts; (2) knowledge of material facts by a party bound to make such disclosures; (3) failure to discharge a duty to disclose; (4) scienter; (5) reliance; and [(6)] damages."  *Woods v. Maytag Co.*, 807 F. Supp. 2d 112, 124 (E.D.N.Y. 2011) (citation omitted). Plaintiff cannot establish, among other things, that Bella Deli or Tag Smoke Shop owed Decedent a duty to disclose material facts or that Bella Deli or Tag Smoke Shop had knowledge of any material facts it failed to disclose.

64.    First, neither Bella Deli nor Tag Smoke Shop owed Decedent a duty to disclose. "New York recognizes a duty to disclose by a party to a business transaction" where "the party has made a partial or ambiguous statement," "when the parties stand in a fiduciary or confidential

---

[1] Plaintiff has thus also failed to allege the misrepresentation upon which his fraud claim supposedly rests with the particularity required by Federal Rule of Civil Procedure 9(b). *See, e.g.*, *Trisvan v. Heyman*, 305 F. Supp. 3d 381, 392 (E.D.N.Y. 2018) ("To satisfy [Rule 9(b)], a complaint alleging fraud must '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'") (citation omitted).

relationship with each other," and "where one party possesses superior knowledge, not readily available to the other, and know[s] that the other is acting on the basis of mistaken knowledge." *Id.* (citation and internal quotation marks omitted).  Plaintiff has not alleged that Bella Deli or Tag Smoke Shop made any partial or ambiguous statement to Decedent (or otherwise) or that Bella Deli or Tag Smoke Shop and Decedent stood in a fiduciary or confidential relationship.  Nor has Plaintiff alleged that Bella Deli or Tag Smoke Shop specifically possessed any relevant knowledge not readily available to Decedent or that Bella Deli or Tag Smoke Shop knew Decedent was acting on the basis of mistaken knowledge.  Thus, neither Bella Deli nor Tag Smoke Shop owed Decedent any duty to disclose.

65.     Second, Plaintiff has not alleged either Bella Deli or Tag Smoke Shop had knowledge of any material facts it failed to disclose.  Plaintiff alleges "Defendants" failed to disclose the inadequacy of their testing of JUUL products and that they had designed JUUL products to "create and sustain an addiction to nicotine," but retailers Bella Deli and Tag Smoke Shop had no role in the design or testing of JUUL products. *See, e.g.*, Compl. ¶¶ 444, 446.  Plaintiff likewise alleges "Defendants" knew but failed to disclose the amount of nicotine in JUUL products and the fact that JUUL products are supposedly unsafe, unhealthy, harmful, and addictive but alleges no fact upon which to conclude retailers Bella Deli and Tag Smoke Shop possessed such knowledge.

66.     Plaintiff's fraudulent concealment claim against Bella Deli and Tag Smoke Shop therefore must fail.

**E.    Plaintiff Cannot State A Claim Against Bella Deli Or Tag Smoke Shop For Unjust Enrichment.**

67.    In his Eleventh Cause of Action, Plaintiff purports to assert a claim for unjust enrichment.  Compl. ¶¶ 456–65.  Plaintiff has no possibility of recovering from Bella Deli or Tag Smoke Shop for unjust enrichment.

68.    To prevail on an unjust enrichment claim under New York Law, "[a] plaintiff must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered." *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (N.Y. 2011).  "The essence of unjust enrichment is that one party has received money or a benefit at the expense of another." *Cty. of Nassau v. Expedia, Inc.*, 992 N.Y.S.2d 293, 296 (N.Y. App. Div. 2d Dep't 2014).  The theory of unjust enrichment "lies as a quasi-contract claim" and contemplates "an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties." *Georgia Malone & Co., Inc. v. Rieder*, 19 N.Y.3d 511, 516 (N.Y. 2012).  Plaintiff's unjust enrichment claim cannot be brought against Bella Deli or Tag Smoke Shop for several reasons.

69.    *First*, Plaintiff fails to allege any conduct attributable to Bella Deli or Tag Smoke Shop in support of this claim.  Instead, the complaint groups all Defendants together and asserts each is liable based on the conduct of Defendants other than Bella Deli and Tag Smoke Shop, including, for example, the creation and implementation of a supposed "plan to create a market for e-cigarettes and substantially increase sales of JUUL through a pervasive pattern of false and misleading statements and omissions." *See, e.g.*, Compl. ¶ 458.  As discussed above, "lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct" fails to give each Defendant "fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene*, 10 F. App'x at 34 (internal quotations omitted).  In the absence of conduct

specifically attributed to Bella Deli and Tag Smoke Shop, Plaintiff's unjust enrichment claim against them plainly fails as a matter of law.

70.     *Second*, the "connection between the parties is too attenuated." *Mandarin Trading*, 16 N.Y.3d at 182.  A connection is "too attenuated" where "the pleadings fail[] to indicate a relationship between the parties that could have caused reliance or inducement." *Id.*  Here, Plaintiffs do not allege that Bella Deli or Tag Smoke Shop—retailers without knowledge of any allegedly fraudulent and misleading information about JUUL products—engaged in any fraud or unconscionable conduct that induced Decedent's purchases.

71.     *Third*, "[u]nder New York law, when a valid agreement governs the subject matter of a dispute between parties, claims arising from that dispute are contractual; attempts to repackage them . . . as unjust enrichment . . . are generally precluded, unless based on a duty independent of the contract." *Poplar Lane Farm LLC v. Fathers of Our Lady of Mercy*, 449 F. App'x 57, 59 (2d Cir. 2011).  The quasi-contract remedy of unjust enrichment is not meant to serve as a substitute for products liability or breach-of-warranty litigation.  *Id.; see also Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 54 (2d Cir. 2011) ("'The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter.'").  Decedent's alleged purchases from Bella Deli and Tag Smoke Shop constitute valid contracts of sale, and New York law bars Plaintiff from re-packaging his products liability claims as a claim for unjust enrichment.  *See id.*

### F.    Plaintiff Cannot State A Claim Against Bella Deli Or Tag Smoke Shop Pursuant to New York General Business Law §§ 349 Et Seq.

72.     In his Twelfth Cause of Action, Plaintiff asserts that he is entitled to recover against Bella Deli and Tag Smoke Shop pursuant to New York General Business Law ("NYGBL") §§ 349 et seq. on the ground that "Defendants" engaged in "[f]raudulent, unfair, and/or deceptive practices

that violate consumer protection laws." To state a cause of action under NYGBL § 349, a plaintiff must allege that (1) the defendant engaged in an act that was directed at consumers, (2) the act engaged in was materially deceptive or misleading, and (3) the plaintiff was injured as a result. *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (N.Y. 2000).

73.    To the extent it is asserted against Bella Deli and Tag Smoke Shop, Plaintiff's claim fails for at least three independent reasons. First, Plaintiff does not allege any conduct attributable to Bella Deli or Tag Smoke Shop. Second, Plaintiff has pleaded no facts reflecting Bella Deli or Tag Smoke Shop's purported consumer-facing conduct. Third, Plaintiff does not allege causation.

74.    First, as discussed above, Plaintiff makes no allegations against Bella Deli or Tag Smoke Shop in support of this claim. Instead, the complaint groups all Defendants together, focuses on JLI's conduct, and alleges in conclusory fashion that all Defendants engaged in "[f]raudulent, unfair, and/or deceptive practices" within the scope of NYGBL § 349. Compl. ¶¶ 466–76. As noted, "lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct" fails to give each defendant "fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene*, 10 F. App'x at 34. Plaintiff does not allege that Bella Deli or Tag Smoke Shop made any specific representation to Decedent at any time, let alone one that was misleading and caused Decedent to be injured as a result. Thus, "there is no possibility, based on the pleadings, that [Plaintiff] can state a cause of action against the non-diverse defendant[s]." *Pampillonia*, 138 F.3d at 461. 58.

75.    Second, a claim under NYGBL § 349 must be premised on allegations of fact sufficient to show the challenged acts or practices are "directed at the consuming public." *Gaidon v. Guardian Life Ins. Co. of Am.*, 94 N.Y.2d 330, 343 (N.Y. 1999). Here, Plaintiff has pleaded no facts regarding any consumer-oriented conduct performed by Bella Deli or Tag Smoke Shop.

While the complaint refers to JLI's marketing and packaging, it does not establish Bella Deli or Tag Smoke Shop developed an "extensive marketing scheme that had a broader impact on consumers at large." *Id.* at 344. Because Plaintiff has failed to allege any "extensive marketing scheme" by Bella Deli or Tag Smoke Shop, Plaintiff's claim under NYGBL § 349 fails.

76.     Third, causation is an "essential" element of any claim under NYGBL § 349. *Belfiore v. Procter & Gamble Co.*, 94 F. Supp. 3d 440, 446 (E.D.N.Y. 2015). As the complaint does not allege any consumer-oriented conduct by Bella Deli or Tag Smoke Shop, it cannot allege such conduct caused Decedent's injuries. Plaintiff's claim must fail accordingly.

### G.     Plaintiff Cannot State A Claim Against Bella Deli Or Tag Smoke Shop For Breach Of Express Warranty.

77.     In his Thirteenth Cause of Action, Plaintiff purports to assert a claim for breach of express warranty. Plaintiff has no possibility of recovering from Bella Deli or Tag Smoke Shop for breach of express warranty.

78.     To begin with, "[i]n order to adequately plead a claim" of breach of express warranty, "the plaintiff must show that the product at issue was defective and that the defectively designed product was the actual and proximate cause of the plaintiff's injury." *See, e.g.*, *Oden*, 330 F. Supp. 3d at 888. As explained above, Plaintiff cannot establish any product Bella Deli or Tag Smoke Shop sold was the proximate cause of Decedent's alleged injuries. *See supra* ¶¶ 46–50. Plaintiff's claim for breach of express warranty therefore must fail.

79.     Plaintiff's breach of express warranty claim against Bella Deli and Tag Smoke Shop also fails because neither is alleged to have made any express warranty. "In New York, a seller creates an express warranty by, *inter alia*, making an affirmation or promise with regard to a good or product sold that becomes part of the basis of the bargain." *Brodie v. Green Spot Foods, LLC*, 503 F. Supp. 3d 1, 9 (S.D.N.Y. 2020). A claim for breach of express warranty requires,

among other things, "the existence of a material statement amounting to a warranty" and "the buyer's reliance on this warranty as a basis for the contract with the immediate seller." *Id.* "The express terms of the alleged warranty must be clearly set forth" in a plaintiff's complaint. *Id.* (citation omitted); *see also Tears v. Bos. Sci. Corp.*, 344 F. Supp. 3d 500, 512 (S.D.N.Y. 2018) ("Generalized or vague allegations that defendant made express warranties are insufficient; plaintiff must 'plead some affirmative statement of fact that forms the basis of the warranty.'").

80.     Plaintiff's complaint does not set forth the express terms of any alleged warranty supposedly made by Bella Deli or Tag Smoke Shop.  Thus, Plaintiff's complaint cannot allege buyer's reliance on such a warranty.  Plaintiff's claim against Bella Deli and Tag Smoke Shop for breach of express warranty therefore fails for these additional reasons.

**H.     Plaintiff Cannot State A Claim Against Bella Deli Or Tag Smoke Shop For Breach Of An Implied Warranty Of Merchantability.**

81.     In his Fourteenth Cause of Action, Plaintiff purports to assert a claim for breach of an implied warranty of merchantability.  Plaintiff has no possibility of recovering from Bella Deli or Tag Smoke Shop for such a breach.

82.     As with a claim for breach of express warranty, "[i]n order to adequately plead a claim" of breach of an implied warranty of merchantability, "the plaintiff must show that the product at issue was defective and that the defectively designed product was the actual and proximate cause of the plaintiff's injury." *See, e.g.*, *Oden*, 330 F. Supp. 3d at 888; *see also Tears*, 344 F. Supp. 3d at 513 ("To state a claim for a breach of the implied warranty of merchantability, plaintiff must allege that the product was defectively designed or manufactured, that the defect existed when the manufacturer delivered the product to the purchaser, and that the defect is the proximate cause of the plaintiff's injury.").  As explained above, Plaintiff cannot establish any product Bella Deli or Tag Smoke Shop sold was the proximate cause of Decedent's alleged

injuries.  *See supra* ¶¶ 46–50.   Plaintiff's claim for breach of an implied warranty of merchantability therefore must fail.  *See, e.g.*, *Oden*, 330 F. Supp. 3d at 895–96 (holding that, where design and manufacturing defect claims fail as a matter of law, breach of implied warranty of merchantability claim fails as a matter of law).

I.    **Plaintiff Cannot State A Claim Against Bella Deli Or Tag Smoke Shop For Wrongful Death.**

83.    In his Fifteenth Cause of Action, Plaintiff purports to assert a claim against Bella Deli and Tag Smoke Shop for wrongful death.  "In New York," a cause of action for wrongful death "is defined by statute, which allows the decedent's personal representative to 'recover damages for a wrongful act, neglect or default which caused the decedent's death against a person who would have been liable to the decedent by reason of such wrongful conduct if death had not ensued.'"  *Tuosto v. Philip Morris USA Inc.*, 672 F. Supp. 2d 350, 367 (S.D.N.Y. 2009) (quoting N.Y. Est. Powers & Trusts Law § 5–4.1).  Thus, wrongful death is not a freestanding cause of action.  Where there is no "'wrongful act, neglect or default' on the part of [the defendant] that the decedent could have acted on were [he] alive, [the personal representative plaintiff] cannot proceed [on a] wrongful death claim."  *Id.*; *see also Estate of Jaquez v. City of N.Y.*, 104 F. Supp. 3d 414, 440 (S.D.N.Y. 2015), *aff'd sub nom. Estate of Jaquez ex rel. Pub. Adm'r of Bronx Cty. v. City of N.Y.*, 706 F. App'x 709 (2d Cir. 2017) (granting summary judgment on wrongful death claim following dismissal of underlying tort claims).

84.    As each of the claims Decedent could have brought against Bella Deli or Tag Smoke Shop fails as a matter of law, *see* ¶¶ 39–82, *supra*, Plaintiff's wrongful death claim against Bella Deli and Tag Smoke Shop must also fail.

85.    Accordingly, because there is no possibility that Plaintiff "can state a cause of action against the non-diverse defendant[s]" Bella Deli and Tag Smoke Shop in state court,

*Pampillonia*, 138 F.3d at 461, Bella Deli and Tag Smoke Shop have been fraudulently joined and their citizenship should be disregarded for jurisdictional purposes.

## III.    ALTERNATIVELY, BELLA DELI AND TAG SMOKE SHOP SHOULD BE SEVERED UNDER RULE 21 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

86.    Alternatively, Plaintiff's claims against Bella Deli and Tag Smoke Shop are severable from their claims against the remaining Defendants under Rule 21 of the Federal Rules of Civil Procedure.  This presents an independent basis for disregarding Bella Deli and Tag Smoke Shop's citizenship for diversity purposes.

87.    Federal courts routinely employ Rule 21 to retain jurisdiction over cases where non-diverse defendants are neither necessary nor indispensable under Rule 19 of the Federal Rules of Civil Procedure.  This is particularly true when, as here, a plaintiff can obtain full recovery from the defendants that remain in the federal case after removal, the plaintiff retains a remedy against the non-diverse defendant in state court, and overall judicial economy is served by removal.

88.    Rule 21 vests federal courts with the power "to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered."  *Highland Capital Mgmt. LP v. Schneider*, 198 F. App'x 41, 45 (2d Cir. 2006) (quoting *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 832 (1989)).  A court applying this rule may dismiss a dispensable party whose presence spoils diversity jurisdiction.  *CP Sols. PTE, Ltd. v. Gen. Elec. Co.*, 553 F.3d 156, 159 (2d Cir. 2009).  Thus, Rule 21 is viewed as "a grant of discretionary power [to the federal court] to perfect its diversity jurisdiction" by dropping such parties, provided that they are not indispensable to an action under Rule 19.  *Kirkland v. Legion Ins. Co.*, 343 F.3d 1135, 1142 (9th Cir. 2003) (internal quotation marks omitted); *see also Payroll Mgmt., Inc. v. Lexington Ins. Co.*, 815 F.3d 1293, 1298 n.8 (11th Cir. 2016) (stating that the Rule permits district courts to drop dispensable non-diverse parties "when necessary to establish federal subject-matter jurisdiction").

89.     Applying these principles, courts within this Circuit have severed or dismissed dispensable, non-diverse defendants under Rule 19, thereby preserving the Court's diversity jurisdiction. *See*, *e.g.*, *Highland Capital Mgmt. LP.* 198 F. App'x at 45; *Walpert v. Jaffrey*, 127 F. Supp. 3d 105, 120 (S.D.N.Y. 2015); *Chamarac Props., Inc. v. Pike*, No. 86 CIV. 7919 (KMW), 1992 WL 332234, at *18 (S.D.N.Y. Nov. 2, 1992); *Call Ctr. Techs., Inc. v. Grand Adventures Tour & Travel Publ'g Corp., Inc.*, No. 3:03CV01036(DJS), 2009 WL 10687800, at *8 (D. Conn. Nov. 19, 2009).

90.     To determine whether the claims against a resident defendant should be severed, a court first decides whether the party is "necessary" under Rule 19(a), i.e., whether that defendant's absence would prevent the plaintiff from obtaining complete relief from the remaining defendants. *See*, *e.g.*, *Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 89 (2d Cir. 1990); *CP Solutions PTE, Ltd.*, 553 F.3d at 159.  If (and only if) the resident defendant is necessary under Rule 19(a), the court considers the indispensable factors outlined in Rule 19(b): (1) whether a judgment rendered in a person's absence might prejudice that person or parties to the action, (2) the extent to which any prejudice could be alleviated, (3) whether a judgment in the person's absence would be adequate, and (4) whether the plaintiff would have an adequate remedy if the court dismissed the suit.  *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000).

91.     Here, Bella Deli and Tag Smoke Shop are not necessary parties because complete relief can be accorded among the remaining parties.  Throughout the complaint, Plaintiff alleges in conclusory fashion that all Defendants are together liable under theories of products liability, negligence and gross negligence, negligent misrepresentation, fraud, fraudulent concealment, unjust enrichment, violation of the Unfair Trade Practices/Consumer Protection Law, breach of express warranty, breach of an implied warranty of merchantability, and wrongful death.

"[B]ecause none of the allegations in the [complaint] are attributable only to [Bella Deli or Tag Smoke Shop]," compete relief can be accorded without them in the case if Plaintiff were to prevail on his claims. *Walpert*, 127 F. Supp. 3d at 121; *see also*, *e.g.*, *Samaha v. Presbyterian Hosp. in N.Y.*, 757 F.2d 529, 531 (2d Cir. 1985) (per curiam); *Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 358 (2d Cir. 2000). Because Bella Deli and Tag Smoke Shop are not necessary parties, the court may dismiss them from the present case to preserve its diversity jurisdiction. *CP Solutions*, 553 F.3d at 159.

92.     Moreover, even if Bella Deli and Tag Smoke Shop were "necessary" under Rule 19(a), neither is an indispensable party under Rule 19(b) and each could still be dismissed under Rule 21.

93.     *First*, judgment rendered in the absence of Bella Deli and Tag Smoke Shop would not prejudice Plaintiff. *Viacom Int'l*, 212 F.3d at 724. Plaintiff's theories of liability against JLI and the Consenting Defendants depend on the design, manufacture, marketing, and promotion of JLI products. *See* Compl. ¶¶ 60–298. By contrast, Plaintiff's allegations against Bella Deli and Tag Smoke Shop apparently concern the sale of JUUL and other vapor products in two retail stores (one per defendant), but lack any further specificity. Setting aside this lack of detail, the resolution of Plaintiff's claims against JLI and the Consenting Defendants would not necessarily resolve Plaintiff's claims against Bella Deli and Tag Smoke Shop because the claims against JLI and the Consenting Defendants and Bella Deli and Tag Smoke Shop differ. *See*, *e.g.*, *Sullivan v. Calvert Mem'l Hosp.*, 117 F. Supp. 3d 702, 706 (D. Md. 2015).

94.     *Second*, Plaintiff retains an adequate remedy if the Court dismisses Bella Deli and Tag Smoke Shop from this action, namely, suit in state court. *2 Montauk Highway LLC v. Global Partners LP*, 296 F.R.D. 94, 102 (E.D.N.Y. 2013).

95.     *Third*, failing to dismiss Bella Deli and Tag Smoke Shop would severely prejudice JLI and the Consenting Defendants.  *Viacom Int'l*, 212 F.3d at 724.  As noted above, JLI and the Consenting Defendants are defendants in multidistrict litigation comprising more than 2,800 federal cases in the Northern District of California.  *See supra* ¶¶ 12–14.  Given the substantial factual overlap between this action and the thousands of actions that have already been coordinated, it is very likely that this case will be transferred to the Northern District of California for inclusion in MDL No. 2913.  Transfer and coordination with MDL No. 2913 would (1) avoid substantial and duplicative discovery burdens and (2) eliminate the risk of inconsistent pretrial rulings on discovery, dispositive motions to dismiss, summary judgment, and other pretrial matters.  By contrast, if JLI and the Consenting Defendants are forced to litigate this single dispute in New York State Court, they would not benefit from the myriad benefits of the consolidated litigation.

96.     Thus, as in *Sullivan*, "there is a critical policy reason why the Court" should "exercise[] its discretion and sever[]" Bella Deli and Tag Smoke Shop.  *See* 117 F. Supp. 3d at 707.  "Severance is particularly appropriate in this case because it would allow for the transfer of [Plaintiff's] claims against [JLI and the Consenting Defendants]" to the MDL currently pending before Judge Orrick in the Northern District of California.  *Id.*  "Whatever inconvenience [Plaintiff] might suffer from [his] having to litigate [his] claims in two separate forums, that inconvenience is far exceeded by the prejudice of requiring [JLI and the Consenting Defendants] to defend on many more than just two fronts."  *Id.* (internal quotation marks and citation omitted).  Indeed, "[f]orcing [JLI and the Consenting Defendants] to litigate" claims related to the design, manufacture, marketing, and promotion of JUUL products "in state courts throughout the country

whenever and wherever the claims might be joined to claims against [local retailers that sold JUUL products] would defeat the entire purpose of the MDL." *Id.*

97.     *Finally*, under Rule 19, the Court must consider the public interest in "complete, consistent, and efficient settlement of controversies." *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 111 (1968).  Here, dismissing Bella Deli and Tag Smoke Shop to facilitate the litigation of Plaintiff's claims against JLI and the Consenting Defendants in MDL No. 2913— alongside thousands of virtually identical claims—would best serve the interest of consistent and efficient settlement of controversies.

98.     Accordingly, Bella Deli and Tag Smoke Shop are neither necessary nor indispensable under Rule 19, and Plaintiff's claims against them should be severed under Rule 21. Severance yields complete diversity of citizenship, as Plaintiff is a New York citizen and JLI and the Consenting Defendants are not, and the amount in controversy requirement is satisfied.  *See* 28 U.S.C. § 1332(a).

<u>**CONCLUSION**</u>

WHEREFORE, having met all conditions of removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, JLI hereby removes this action from the Supreme Court of the State of New York, County of Bronx, to this Court, and respectfully requests that no further proceedings be had in state court.

Dated:  November 3, 2021                    Respectfully submitted,

                                            *s/ Timothy J. McGinn*
                                            Timothy J. McGinn
                                            Gunster, Yoakley & Stewart, P.A.
                                            600 Brickell Avenue, Suite 3500
                                            Miami, Florida 33131
                                            Telephone: (305) 376-6000
                                            Facsimile:  (305) 376-6010
                                            tmcginn@gunster.com.com

                                            *Counsel for Juul Labs, Inc.*